**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF MISSISSIPPI

FILED
APR 19 2006
J.T. NOBLIN, CLERK
BY_____DEPUTY

UNITED STATES OF AMERICA

v.  CRIMINAL COMPLAINT

PATRICK V. MCGEE
THOMAS GRIFFIN
ANTHONY BURROUGHS
MARVIN DAWSON
EDWARD YOUNG
FRANSENE BERRY
SHANE ROTHERY

Criminal Number: 3:06mj545

I, MICHAEL CARROLL, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. In or about January, 2004, and continuing to the date of this complaint, in Madison County and elsewhere, in the Southern District of Mississippi, **PATRICK V. MCGEE, THOMAS GRIFFIN, ANTHONY BURROUGHS, MARVIN DAWSON, EDWARD YOUNG, FRANSENE BERRY, AND SHANE ROTHERBY,** did conspire with each other and with others known and unknown to knowingly devise a scheme and artifice to defraud and to obtain money by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing the scheme or artifice, and attempting to do so, did place or cause to be placed in any post office or authorized depository for mail matter, documents to be sent or delivered by the Postal Service, or deposit or cause to be deposited documents to be sent or delivered by any private or commercial interstate carrier, in violation of Section 1341, Title 18, United States Code, all in violation of Section 371, Title 18, United States Code.

I further state that I am a United States Postal Inspector and that this complaint is based on the facts which are set forth in the attached affidavit.

Continued on the attached sheet and made a part thereof: [X] Yes   [ ] No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

_April 19, 2006_      at      _Jackson, MS_
Date                                                                                     City and State

_James C Sumner_                                _[signature]_
Name & Title of Judicial Officer                                     Signature of Judicial Officer

# **AFFIDAVIT**

I, Michael Carroll, being duly sworn, state as follows:

1. My name is Michael Carroll, and I am a United States Postal Inspector. I have been working as a Postal Inspector for three and one half years and am currently assigned to the Jackson, Mississippi, office of the United States Postal Inspection Service ("USPIS"). Prior to joining the USPIS, I was a Deputy US Marshal for more than six years. As a Postal Inspector, I enforce federal laws relating to postal offenses. My assignment includes, but is not limited to, investigations of mail fraud, mail theft, credit card fraud, identity theft, burglaries and robberies of Post Offices, non-mailable items, including hazardous materials, narcotics and threatening communications. This affidavit is submitted in support of an application for a federal arrest warrant for Thomas Griffin, Patrick McGee, Marvin Dawson, Anthony Burroughs, Edward Young, Fransene Berry and Shane Rothery, for Conspiracy to Commit Mail Fraud a violation of Section 1341, Title 18, United States Code, all in violation of Section 371, Title 18, United States Code.

2. In January 2005, the USPIS in Jackson, Mississippi, received information that there was an ongoing mortgage fraud scheme in Madison, Mississippi, involving several houses being purchased and sold on the same day, with a sales price several hundred thousand dollars more than the purchase price. Two properties were mentioned specifically.

3. On February 4, 2005, I went to the Chancery Clerk's office in Madison County and determined that the two properties provided were both purchased by Patrick V. McGee and sold the same day. The appraised value of the properties was consistent with the original purchase price. In addition to these two properties, McGee had purchased and sold at least six other properties in Madison County. In all of these instances, the property was bought and sold on the same day. McGee used the following names when purchasing the properties: Patrick V. McGee; Patrick Vashan McGee; Vashon McGee; and Vashan McGee. Attorney A, located in Jackson, Mississippi, conducted the closings on the subject properties. Subsequent investigation revealed that McGee was involved with several other individuals in selling properties at inflated values.

4. On May 20, 2004, Attorney A was conducting two closings for property located at 252 Northbay Drive in Madison, Mississippi. This property was purchased and sold on the same date. Patrick V. McGee purchased this property from Seller No. 6 for $262,500.00. On that same day, McGee sold the property to Jean Posey for $450,000.00. Jean Posey is Lyndon Posey's mother. Lyndon Posey was actually the person who intended to live at this property, and he used his mother's name to misrepresent to the lender who would actually be living at the home. The lender has now foreclosed this property. The Uniform Residential Loan Application reflects that Jean Posey works for Kal Kris Kenn,

LLC,[1] making $8,000.00 per month when, in fact, she did not earn such income. The application also reflects that Jean Posey had a Trustmark National Bank Account with a balance of $10,000.00 when, in fact, she had no such account. Two Trustmark National Bank official checks in the amounts of $16,000.00 and $16,836.14, listing Jean Posey as the remitter, were used for the down payment on the property. The money for the down payment did not come from Jean Posey as was misrepresented on the HUD-1. Posey negotiated with Patrick McGee regarding McGee's profit from this sale, and McGee agreed to give Lyndon Posey $25,000.00 from the sale. Edward Young performed the appraisal on this property which artificially inflated the value of the property. The following individuals received money from the proceeds of this sale: Marvin Dawson as Amstar Mortgage; Patrick McGee; Lyndon Posey; and Marvin Dawson.

5.   The lender relied upon the documents described in paragraph 4 in making its decision to fund the loan to Jean Posey. Knowing the above documents contained false information, Young, Dawson, McGee, and Lyndon Posey conspired with each other and with others to cause Attorney A's office to send certain documents from Jackson, Mississippi, to the lender in Minneapolis, Minnesota through a commercial interstate carrier, that is Federal Express, on or about May 21, 2004, in violation of Section 1341, Title 18, United States Code, all in violation of Section 371, Title 18, United States Code.

6.   On July 30, 2004, Attorney A was conducting a closing for property located at 109 Fieldcrest Drive in Madison, Mississippi. Lyndon Posey purchased the property from Seller No. 2 on August 3, 2004, for $208,000.00. Lyndon Posey sold the property, four days before it was purchased, to Alvin Eaton for $308,000.00. Mr. Eaton did not see any of the loan documents until the day of the closing and did not have time to review the documents at the closing. Two Trustmark National Bank official checks, both in the amount of $9,962.77 and listing Alvin Eaton as the remitter, were used for the down payment on the property. Eaton did not bring this money to the closing as was misrepresented on the HUD-1. In fact, Eaton had never seen the checks before. Eaton did not work at Kal Krip Ken, LLC, and did not earn $8,454.55 per month as was misrepresented on the Uniform Residential Loan Application. This same application reflected that Eaton had a Trustmark National Bank Account with a balance of $38,000.00 when, in fact, he did not. Finally, Eaton did not own property located at 124 Classic Drive in Hattiesburg, Mississippi, as was misrepresented on the loan application. Edward Young performed the appraisal on this property which artificially inflated the value of the property. The following individuals received money from the proceeds of this sale: Marvin Dawson as Amstar Mortgage; Lyndon Posey; and four additional official checks paid to unknown individuals.

7.   The lender relied upon the documents described in paragraph 6 in making its decision to fund the loan to Alvin Eaton. Knowing the above documents contained false information, Dawson, Young and Lyndon Posey

---

[1]Kal Kris Kenn, LLC is a corporation registered to Lyndon Posey.

conspired with each other and with others to cause Attorney A's office to send the documents from Jackson, Mississippi, to the lender in White Plains, New York, through a commercial interstate carrier, that is Federal Express, on or about May 21, 2004, in violation of Section 1341, Title 18, United States Code, all in violation of Section 371, Title 18, United States Code.

8. On October 21, 2004, Attorney A conducted a closing for property located at 288 Belle Rose Circle in Madison, Mississippi. Patrick McGee purchased the property from Seller No. 9 on October 21, 2004 for $276,000.00. Patrick McGee sold the property on that same day to Roseanner Hazlett and Willie Thomas for $516,000.00. Two Trustmark National Bank official checks in amounts of $5,575.00 and $77,184.85, listing Roseanner Hazlett as the remitter, were used for the down payment on the property. Neither Thomas nor Hazlett brought this money to the closing as was misrepresented on the HUD-1. Hazlett did not work at Suncrest Investments earning $5,500.00 as was misrepresented on the Uniform Residential Loan Application. She also did not have a Trustmark account with a balance of $32,000.00 as misrepresented on the loan application. Edward Young performed the appraisal which artificially inflated the value of the property. The following individuals received money from the proceeds of this sale: Patrick McGee; Edward Young; Anthony Burroughs; Marvin Dawson; Thomas Griffin; and Willie Thomas.

9. The lender relied upon the documents described in paragraph 8 in making its decision to fund the loan to Roseanner Hazlett and Willie Thomas. Knowing the above documents contained false information, McGee, Young, Burroughs, Dawson and Griffin conspired with each other and with others known and unknown to cause Attorney A's office to send the documents from Jackson, Mississippi, to the lender in Minneapolis, Minnesota by a commercial interstate carrier, that is Federal Express, on or about October 22, 2004 in violation of Section 1341, Title 18, United States Code, all in violation of Section 371, Title 18, United States Code.

10. On December 13, 2004, Attorney B was conducting a closing for property located at 112 Red Oak Trail in Brandon, Mississippi. Linda and James Alexander purchased the property was purchased from Seller No. 10. Money for the down payment is misrepresented on the HUD-1 as having been supplied by the Alexanders. The Alexanders also borrowed money from a friend to support the misrepresentation on the Uniform Residential Loan Application that they had $72,000.00 of their own money in their bank account. The Alexanders took these actions based upon advice from Marvin Dawson and one or more of his employees. Alexander stated that he was told by Terry Roberts that he qualified for more than the house was worth and the appraisal could come back at a higher amount so Alexander could get money back from the loan. Alexander stated that he received approximately $19,000.00 at the closing. Fransene Berry performed the appraisal on this property.

11. The lender relied upon the documents described in paragraph 10 in making its decision to fund the loan to Jackie Hill. Knowing the above

documents contained false information, Dawson and Berry conspired with each other and with others to cause certain documents to be sent from Jackson, Mississippi, to the lender in White Plains, New York, by a commercial interstate carrier, that is Federal Express, on or about December 13, 2004, in violation of Section 1341, Title 18, United States Code, all in violation of Section 371, Title 18, United States Code.

12.  On February 4, 2005, Attorney A was conducting a closing for property located at 954 Cardigan Cove[2] in Madison, Mississippi. Patrick McGee purchased the property from Seller No. 7 on February 4, 2005, for $383,000.00. McGee sold the property on that same day to Landry Carter for $562,000.00. Landry Carter purchased a different property located at 804 Franklin Drive, Clinton, Mississippi, from Premier Mortgage on February 2, 2005, just two days prior to this purchase. Landry Carter does not reside at 904 Cardigan Cove as was misrepresented to the lender. Rather, the resident of this property is Thomas Griffin. On the Uniform Residential Loan Applications for both of these properties, Carter is listed as working at Suncrest Investments. On the first application, his income is reported as $3,168.75 per month, and on the second application, his income is reported as $6,500.00 per month. Carter, in fact, did not work for Suncrest Investments. Fransene Berry performed the appraisal which artificially inflated the value of the Cardigan Cove property. The following individuals received money from the proceeds of 904 Cardigan Cove: Marvin Dawson d/b/a Premier Mortgage; Patrick McGee; Anthony Burroughs; Marvin Dawson individually; Thomas Griffin; and Lyndon Posey.

13.  The lender relied upon the documents described in paragraph 12 in making its decision to fund the loan to Landry Carter. Knowing the above documents contained false information, McGee, Burroughs, Griffin and Berry conspired with each other and with others to cause Attorney A's office to send certain documents from Jackson, Mississippi, to the lender in Minneapolis, Minnesota, by a commercial interstate carrier, that is Federal Express, on or about February 9, 2005, in violation of Title 18 United States Code Section 1341, all in violation of Section 371, Title 18, United States Code.

14.  On March 3, 2005, Attorney A was conducting a closing for property located at 217 Hoy Farms Drive in Madison, Mississippi. Anthony Burroughs d/b/a Suncrest Investments purchased the property from Seller No. 11 on March 3, 2005, for $342,500.00. Burroughs then sold this property on the same day to Jackie Hill for $525,000.00. Two Trustmark National Bank official checks in amounts of $49,688.87 and $45,000.00, listing Jackie Hill as the remitter, were used for the down payment on the property. Hill did not bring this money to the closing as was misrepresented on the HUD-1. Hill did not have cash in the amount of $116,031.56 or a Trustmark account with a balance of $140,000.00 as was misrepresented on the Uniform Residential Loan Application. Fransene Berry performed the appraisal which artificially inflated the

---

[2]Based on the legal description of the property the correct physical address is 904 Cardigan Cove in Madison, Mississippi.

value of this property. The following individuals received money from the proceeds of this sale: Marvin Dawson d/b/a Premier Mortgage; Marvin Dawson and Anthony Burroughs d/b/a Suncrest Investments; Anthony Burroughs d/b/a Burroughs Properties; Anthony Burroughs individually; and Marvin Dawson individually.

15. The lender relied upon the documents described in paragraph 14 in making its decision to fund the loan to Jackie Hill. Knowing the above documents contained false information, Dawson, Burroughs and Berry conspired with each other and with others to cause certain documents to be sent from Jackson, Mississippi, to the lender in White Plains, New York, by a commercial interstate carrier, that is Federal Express, on or about March 3, 2005, in violation of Section 1341, Title 18, United States Code, all in violation of Section 371, Title 18, United States Code.

16. On March 21, 2005, Attorney A was conducting a closing for property located at 101 Overlook Drive in Ridgeland, Mississippi. Lyndon Posey d/b/a Metropolitan Investments purchased the property from Seller No. 4 on March 21, 2005, for $615,000.00. Posey then sold the property on that same date to his father, Leonard Posey, for $1,200,000.00. Posey purchased this property using his father's name after the lender foreclosed on the property at 252 Northbay which Posey had purchased in his mother's name. Posey resides in the house at Overlook Drive. A Trustmark National Bank official check in the amount of $5,801.90, listing Leonard Posey as the remitter, was used for the down payment on the property. This down payment money did not come from Leonard Posey as was misrepresented on the HUD-1. The Uniform Residential Loan Application also contained numerous misrepresentations, including but not limited to, the following: (a) Leonard Posey was employed by Garrett Enterprises earning $15,000 per month; and (b) Leonard Posey had a Bancorp South account with a balance of $20,000.00. Shane Rothery, who is not a licensed appraiser, performed the appraisal on this property. He used his father, William Rothery's, appraisal license to conduct the appraisal. The following individuals received money from the proceeds of this sale: Marvin Dawson d/b/a Premier Mortgage; and Lyndon Posey d/b/a Metropolitan Investments.

17. The lender relied upon the documents described in paragraph 16 in making its decision to fund the loan to Leonard Posey. Knowing the above documents contained false information, Dawson, Young and Lyndon Posey conspired with each other and with others to cause Attorney A's office to send the documents from Jackson, Mississippi, to the lender in Irvine, California, through a commercial interstate carrier, that is Federal Express, on or about May 21, 2004, in violation of Section 1341, Title 18, United States Code, all in violation of Section 371, Title 18, United States Code.

18. On April 6, 2005, Attorney A was conducting a closing for property located at 630 Eastwyck Drive in Ridgeland, Mississippi. Leroy Garrett d/b/a Trio Investments Group, LLC, purchased the property from Seller No. 13 on April 6, 2005, for $395,000.00. Leroy Garrett d/b/a Trio Investments Group, LLC, then

sold the property on the same day to Larry Simes for $555,000.00. Simes is Leroy Garrett's cousin. Mr. Simes' son, Larry Garrett is the person living in the residence. The Uniform Residential Loan Application submitted to obtain this loan reflects that Simes works for Garrett Enterprises, which is Larry Garrett's company, earning $10,500.00 per month. In fact, Simes does not work for Garrett Enterprises and does not earn $10,500.00 per month. Fransene Berry performed the appraisal which artificially inflated the value of this property. The following individuals received money from the proceeds of this sale: Marvin Dawson d/b/a Premier Mortgage; Leroy Garrett d/b/a Trio Investment Group; Marvin Dawson individually; Anthony Burroughs individually; and Larry Garrett individually.

19.     The lender relied upon the documents described in paragraph 18 in making its decision to fund the loan to Larry Simes. Knowing the above documents contained false information, Dawson, Burroughs and Berry conspired with each other and with others to cause these documents to be sent from Jackson, Mississippi, to the lender in Irvine, California, by a commercial interstate carrier, that is Federal Express, on or about April 7, 2005, in violation of Section 1341, Title 18, United States Code, all in violation of Section 371, Title 18, United States Code.

20.     On April 22, 2005, Attorney A was conducting a closing for property located at 136 Shelby Drive in Madison, Mississippi. Leroy Garrett d/b/a Trio Investments Group, LLC, purchased the property from Seller No. 1 on April 22, 2005, for $295,000.00. On that same day, Garrett, d/b/a/ Trio Investments Group, LLC, sold the property to Angel Mangum for $445,000.00. A Trustmark official check for $23,040.56, listing Angel Mangum as the remitter, was used for the down payment on the property. In fact, Mangum did not bring this money to the closing as it was reported on the HUD-1. The following information appears on the Uniform Residential Loan Application submitted to the lender for the purchase of the 136 Selby Drive home: (a) Mangum was employed at Smith Graphics and Design earning $10,500.00 per month; (b) Mangum had a balance of $18,000.00 in her First South Credit Union account; and (c) Mangum owned property located at 1317 Roxbury Court in Jackson, Mississippi. All of this information is completely false. Fransene Berry performed the appraisal which artificially inflated the value of this property. The following individuals received money from the proceeds of this sale: Marvin Dawson; Anthony Burroughs; and Leroy Garrett d/b/a Trio Investment Group.

21.     The lender relied upon the documents described in paragraph 20 in making its decision to fund the loan to Angel Mangum. Knowing the above documents contained false information, Dawson, Burroughs and Berry conspired with each other and with others to cause certain documents to be sent from Jackson, Mississippi, to the lender in Irvine, California by a commercial interstate carrier, that is Federal Express, on or about April 25, 2005, in violation of Section 1341, Title 18, United States Code, all in violation of Section 371, Title 18, United States Code.

22. On June 15, 2005, Attorney A was conducting two closings for property located at 408 Autumn Oak Drive in Madison, Mississippi. On that date, Thomas Griffin d/b/a Diversified Developments purchased this property from Seller No. 8 by for $269,900.00. Griffin then sold the property on the same day to Tellis McLin for $379,500.00. McLin arrived at the closing in a White Yukon and met with Patrick McGee outside of Attorney A's office to sign the closing documents. McGee and McLin then gave these documents to Griffin. Approximately an hour later Anthony Burroughs arrived at the closing. A Trustmark National Bank official check in the amount of $36,915.82, listing Tellis McLin as the remitter, was used for the down payment on the property. In fact, the down payment money came from a Trustmark account controlled by Anthony Burroughs and not from McLin as was misrepresented to the lender on the HUD-1. On the Uniform Residential Loan Application, McLin misrepresented that he had a Trustmark bank account with a balance of $54,520.00 when, in fact, he had no such account. McLin also misrepresented that he was employed at McLin Septic Service earning $6,580.00 per month when, in fact, McLin had no such income from that entity. McLin further misrepresented to the lender that he intended to reside at the property as his primary residence, when, in fact, McLin had no such intention and does not reside at this property. The following individuals received money from the proceeds of this sale: Thomas Griffin d/b/a Diversified Development;, Anthony Burroughs and Marvin Dawson d/b/a Suncrest Investments; Anthony Burroughs individually; Marvin Dawson individually; Tellis McLin; and Thomas Griffin.

23. The lender relied upon the documents described in paragraph 22 in making its decision to fund the loan to McLin. Knowing these documents contained false information, Griffin, Burroughs and Dawson conspired with each other and with others to cause Attorney A's office to send the documents from Jackson, Mississippi, to the lender in Lake Oswego, Oregon, by a commercial interstate carrier, that is Federal Express, on or about June 15, 2005, in violation of Section 1341, Title 18, United States Code, all in violation of Section 371, Title 18, United States Code.

24. On June 23, 2005, Attorney A was conducting a closing for property located at 412 Eastpointe Cove in Madison, Mississippi. Anthony Burroughs purchased the property on June 24, 2005 from Seller No. 5 for $215,000.00. Attorney A did not conduct this closing. Tellis McLin d/b/a MCG Homes sold the property on June 23, 2005, to Kelvin Brooks for $450,000.00.[3] Brooks came to Attorney A's office and then left shortly after signing the closing documents. Approximately two hours later, Anthony Burroughs and Kelvin Brooks returned to Attorney A's office. Upon his return, Brooks provided a Trustmark National Bank official check in the amount of $115,638.19, listing Kelvin K. Brooks as the remitter, for the down payment on the property. In fact, the down payment money came from a Trustmark account controlled by Anthony Burroughs and not from Brooks as was misrepresented to the lender on the HUD-1. On the Uniform

---

[3] The closing documents for this property show that it was actually sold in a "flip" transaction the day before it was purchased.

Residential Loan Application, Brooks misrepresented that he had a Trustmark bank account with a balance of $89,750.00 when, in fact, he had no such account. Brooks also misrepresented that he was employed at Suncrest Investments earning $8,500.00 per month when, in fact, he earned no such income from that entity. Brooks further misrepresented to the lender that he intended to reside at the property as his primary residence, when, in fact, Brooks had no such intention and does not reside at this property. Fransene Berry performed the appraisal on this property which artificially inflated the value of the property. The following individuals received money from the proceeds of this sale: Marvin Dawson d/b/a Premier Mortgage; Patrick McGee d/b/a MCG Homes; Thomas Griffin d/b/a Diversified Developments; Marvin Dawson and Anthony Burroughs d/b/a Suncrest Investments; Patrick McGee individually; Anthony Burroughs individually; Marvin Dawson individually; and Kelvin Brooks individually.

25. The lender relied upon the documents described in paragraph 24 in making its decision to fund the loan to Brooks. Knowing the above documents contained false information, McGee, Dawson, Burroughs, Griffin and Berry, conspired with each other and with others to cause the documents to be sent from Tougaloo, Mississippi, to the lender in Minneapolis, Minnesota, through the U.S. Mail on or about June 24, 2005, in violation of Section 1341, Title 18, United States Code, all in violation of Section 371, Title 18, United States Code.

26. On July 7, 2005, Attorney A was conducting a closing for property located at 108 Country Club Drive in Madison, Mississippi. Tellis McLin purchased the property on June 29, 2005, from Seller No. 3 for $244,500.00. Attorney A did not conduct this closing. Patrick McGee d/b/a MCG Homes sold the property on July 7, 2005, to Sonya Kennedy for $400,000.00. A Trustmark National Bank official check in the amount of $62,311.93, listing Sonya Kennedy as the remitter, was provided for the down payment on the property. In fact, Ms. Kennedy did not bring any money to the closing and has never seen the above mentioned check. The Uniform Residential Loan Application reflects that Ms. Kennedy had a Trustmark bank account with a balance of $42,563.00 and a Bancorp South account with a balance of $48,000.00 when, in fact, Ms. Kennedy had no such accounts. The loan application also reflects that Ms. Kennedy was employed at Sheriff's Department earning $3,100.00 per month with other income listed as $5,500.00 per month. Although Ms. Kennedy works for the Hinds County Sheriff's Department, she only makes $1,800.00 per month. Ms. Kennedy provided check stubs to Dreamlife Mortgage, showing her actual wages. The following individuals received money from the proceeds of this sale: Patrick McGee d/b/a MCG Homes; and Patrick McGee individually.

27. The lender relied upon the documents described in paragraph 26 in making its decision to fund the loan to Ms. Kennedy. Knowing the above documents contained false information, McGee conspired with others to cause Attorney A's office to send the documents from Jackson, Mississippi, to the lender in Lake Oswego, Oregon, by a commercial interstate carrier, that is

Federal Express, on or about July 7, 2005 in violation of Section 1341, Title 18, United States Code, all in violation of Section 371, Title 18, United States Code.


_____
Michael J. Carroll
Postal Inspector


Sworn and subscribed before me
this __19__ day of April, 2006, at Jackson, MS,

_____
JAMES C. SUMNER
U. S. Magistrate Judge